Murray Company, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

572

Argued December 6, 1978, before President Judge Bowman and Judges Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle and MacPhail. Judges Crumlish, Jr. and Craig did not participate.

*Robert A. Cecchini*, with him *Ernest D. Preate, Sr.*, and *Levy, Preate & Purcell*, for petitioner.

*Robert P. Coyne*, Deputy Attorney General, for respondent.

Opinion by Judge MacPhail, May 15, 1979:

Murray Company, Inc. (Murray) has appealed an order of the Board of Finance and Revenue (Board) denying Murray's petition for review of the Depart-

ment of Revenue's (Department) denial of Murray's petition for resettlement of corporate net income tax (CNIT) for the fiscal year ending January 31, 1975. Section 1104 of The Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §1104, provides that such appeals shall be heard de novo. The record in this case consists of a stipulation of facts with exhibits from which we make the following:

### FINDINGS OF FACT

1. Murray, a Pennsylvania Corporation, is engaged in the retail hardware business;

2. Murray owns ten shares of Class A stock in Cotter and Co. (Cotter), a corporate manufacturer and distributor of hardware;

3. Cotter is a cooperative within the meaning of Internal Revenue Code §1381(a)(2);

4. In order to purchase hardware from Cotter, the purchaser must own ten shares of Cotter's Class A stock;

5. In the tax year in question, Cotter distributed to Murray property consisting of cash, Class B nonvoting stock and promissory subordinated notes worth $11,990.78, which Murray included as a patronage dividend in its taxable income as returned to the federal government;

6. Murray did not in the tax year in question, or on any prior occasion, claim a "dividends received deduction" for federal income tax purposes with respect to distributions received from Cotter;

7. The property Murray received from Cotter was distributed pursuant to a written dealer contract between Cotter and Murray and was distributed from the excess of gross margins from operations, less operating and administrative expenses and such reserves as Cotter's board of directors deemed appropriate for various business purposes;

8. The distribution of property by Cotter was allocated to Murray based on Murray's pro rata share of the total volume of merchandise and services purchased from Cotter by Murray and the other Class A shareholders;

9. Cotter only does business with and distributes property to its shareholders;

10. Murray deducted from its Pennsylvania CNIT for the year in question $11,990.78 (representing the distribution from Cotter) as "corporate dividends received";

11. The Department's settlement of Murray's CNIT showed a tax due of $906.71 as a result of the disallowance of the dividend deduction.

## DISCUSSION

The issue in this case is whether the property that Cotter distributed to Murray is deductible from Murray's taxable income as "dividends" as that word is used in Section 401(3) of the Tax Reform Code of 1971 (TRC), Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §7401(3). Section 401(3) provides that deductions from taxable income shall be allowed for any dividends received from any other corporation "but only to the extent that such dividends are included in taxable income as returned to and ascertained by the Federal Government. . . ." Unfortunately, the TRC does not define "dividends." Where a term used in a statute is not defined therein, we must refer to the Statutory Construction Act of 1972, 1 Pa. C.S. §1501 et seq. 1 Pa. C.S. §1928(b)(3) provides that provisions imposing taxes shall be strictly construed. 1 Pa. C.S. §1903(a) provides that words shall be construed according to their common and approved usage, but technical words shall be construed according to their peculiar and appropriate meaning. 1 Pa. C.S.

§1921 provides that when the words of a statute are clear and free from all ambiguity, the letter of the statute is not to be discarded under the pretext of pursuing its spirit. We think that the word "dividends" is clear and unambiguous regardless of whether or not it is a technical word. *Webster's Third New International Dictionary* 663 (1966) pertinently defines "dividend" as "a share in a pro rata distribution (as of profits) to stockholders" and "pro rata" is defined by that text as "proportionately according to some exactly calculable factor (as share, liability, period of time)." BLACK'S LAW DICTIONARY 565 (4th ed. 1951) defines "dividend" pertinently as the proportional amount falling to each shareholder of a fund set apart by a corporation out of its profits to be apportioned among its shareholders. I.R.C. §316 defines "dividend" as "any distribution of property made by a corporation to its shareholders [out of its earnings and profits]." We conclude that Murray's receipts from Cotter in the tax year in question qualify as dividends regardless of which of the foregoing definitions is applied, since the property distributed to Murray was paid out of Cotter's earnings and profits in proportion to the amount of merchandise and services purchased by Murray. In *Commonwealth v. General Refractories Co.*, 417 Pa. 153, 162, 207 A.2d 833, 837 (1965), our Supreme Court, discussing the meaning of the word "dividend" as used in the predecessor of Section 401 (3), said: "If a particular receipt is includible in federal gross income as a dividend, then its characterization as such must follow through to the full state deduction for dividends received. . . ." 1 Pa. C.S. §1922(4) provides that "when [our Supreme Court] has construed the language used in a statute, the General Assembly in subsequent statutes on the same subject intends the same construction to be placed upon such language." Therefore, we must as-

sume that when our Legislature enacted Section 401 (3) in 1971, it intended that the word "dividend" should be construed as it was construed in *General Refractories Co., supra.*

Finally, on this point, we take judicial notice of the Internal Revenue Service's Instruction for Form 1120, U. S. Corporation Income Tax Return, which indicate that patronage dividends are includible as "other dividends" in Schedule C of that form. That is precisely where Murray has included the dividends it received from Cotter in the instant tax year. To the extent that *General Refractories Co.* defines "dividend" for purposes of Section 401(3), the receipts of Murray are "includible" in its gross income for federal tax purposes as dividends.

Both Murray and the Board devoted much of their briefs and oral argument to the question of whether the instant receipts were "patronage dividends" or "true dividends." Since we have determined that, regardless of these labels, the property received by Murray from Cotter qualifies as "dividends" under Section 401(3), we need not decide that issue.

To summarize, Section 401(3) of the TRC permits a deduction from taxable income for "dividends" received from another corporation, but only to the extent that such dividends are included in taxable income as returned to and ascertained by the federal government. Murray did include the distribution it received from Cotter on its federal income tax return in the appropriate schedule for dividends. The definition of "dividend" in the I.R.C., as well as the plain meaning of the word "dividends" as found in standard references, is sufficiently broad to include the distribution received by Murray from Cotter as a dividend. Permitting the distribution to be deducted as a dividend is consistent with the holding in *General Refractories Co.*

CONCLUSION

The property received by Murray from Cotter in the tax year in question is a dividend within the meaning of Section 401(3) of the TRC and should be allowed as a deduction for Pennsylvania CNIT purposes.

ORDER

AND Now, this 15th day of May, 1979, the order of the Board of Finance and Revenue, denying the petition for resettlement of Murray Co., Inc. is reversed and the corporate net income tax of Murray Co., Inc. for the fiscal year ending January 31, 1975, is resettled to show no tax due. Unless exceptions are filed within thirty (30) days of the date of this order the Chief Clerk is directed to enter judgment in favor of Murray Co., Inc.

———

CONCURRING OPINION BY PRESIDENT JUDGE BOWMAN:

I concur in the result reached by the majority, but feel that certain controlling language in both *Commonwealth v. General Refractories Co.*, 417 Pa. 153, 207 A.2d 833 (1965), and the Internal Revenue Code has been ignored and must be discussed.

Section 401(3) of the Tax Reform Code of 1971, 72 P.S. §7401(3), provides that a deduction shall be allowed from the taxable income of a corporation doing business in this Commonwealth "on account of *any dividends* received from any other corporation *but only to the extent that such dividends are included in taxable income as returned to and ascertained by the Federal Government. . . .*" (emphasis added). *General Refractories, supra* at 162, 207 A.2d at 837, stands for the proposition that:

It is not the quantum or source of the dividend that governs; it is the nature of the re-

ceipt. Pennsylvania has chosen to treat all dividends alike, no matter what their source, *as long as they are included in federal taxable income.* . . .

. . . Since we have concluded that the Act inextricably ties the deduction to the Federal Code, the deduction is clearly subject to the federal definition.

Section 1388 of the Internal Revenue Code (I.R.C.) defines a "patronage dividend" as an "amount paid to a patron by an organization . . . (1) on the basis of quantity or value of business done with or for such patron. . . ." Section 1385 states as the general rule that "each person shall include in gross income—(1) the amount of any patronage dividend which is paid in money . . . or other property . . . and which is received by him during the taxable year from an organization described in section 1381(a). . . ."

As these payments from Cotter to Murray appear to fall within the above definition of a patronage dividend, and as these payments have been included in the taxable income of Murray for federal purposes, then I believe *General Refractories* requires that they be considered as "any dividend received from any other corporation" and are, therefore, deductible.

---

DISSENTING OPINION BY JUDGE WILKINSON, JR.:

I must respectfully dissent. Dividends may take many forms and be called by many names, but in my opinion, a dividend is a return on an investment and not, as here, a return on doing a volume of business. In *Commonwealth v. General Refractories Co.*, 417 Pa. 153, 155, 207 A.2d 833, 834 (1965) Justice COHEN so indicates when he points out that there the dividend took the peculiar form it did because of the restrictions placed on currency in Austria and the ar-

rangement there made was necessary so that General Refractories Company "could obtain a return on its investment. . . ."

The distribution here at issue, denominated a patronage dividend, was in no way a return on investment. Another stockholder, of the same class and with identical investment, might have received more, less, or nothing. In my opinion this was not a dividend, paid out of earnings or other profits but purely and simply a rebate. Indeed, heretofore this is exactly how this taxpayer treated these payments for this is the first time the receipts had been claimed as a dividend deduction. Stipulation of fact 23 provides: "Petitioner did not in the instant year, nor has it in any other year, claimed a 'dividends received deduction' for monies received from Cotter and Company for federal income tax purposes."

I dissent.

Judge ROGERS and Judge DISALLE join in this dissent.